IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYNARD STRUCK, as personal
Representative for the wrongful death
Estate of GABRIEL ANDRES SAENZ,
KERRY LISA GREER, individually and
on behalf of RAPHAEL QUINN SAENZ,
a minor,

      Plaintiffs,

    v.                                            Case No. 1:20-cv-01026-KWR-JHR

JASON DUPRAT CRNA, P.C., d/b/a
THE INJECTION AND INFUSION CLINIC
OF ABQ, PATRICIA A. PAINTER, and
JASON A. DUPRAT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Remand to State Court, filed November 6, 2020 (**Doc. 6**). Having reviewed the pleadings and applicable law, the Court finds that Plaintiffs' Motion is well taken and, therefore, is **GRANTED IN PART**. This case is remanded back to the Second Judicial District Court, Bernalillo County, New Mexico. However, the Court declines to award attorney fees.

## BACKGROUND

This is a medical malpractice and wrongful death case. Plaintiffs commenced this action on January 29, 2020 in the Second Judicial District Court, Bernalillo County, New Mexico. Gabriel Saenz received ketamine infusions from Defendants to treat his chronic headaches and complained of increasing headaches following treatment. Mr. Saenz allegedly experienced acute

psychosis from his treatments and subsequently died after stabbing himself, inhaling combustible fuel, and setting himself on fire. Defendant Jason Duprat is a certified registered nurse anesthetist. Jason Duprat, CRNA P.C. was a New Mexico professional corporation doing business as the Injection and Infusion Clinic of ABQ, with a principal place of business in Bernalillo County, New Mexico. Defendant Patricia Painter is a registered nurse, an employee of the Injection Clinic, and allegedly a resident of New Mexico.

On September 8, 2020, Plaintiffs filed an amended complaint asserting the following state-law claims: (1) negligence, (2) medical battery, (3) violation of the Unfair Practices Act. Defendants removed this case on the basis of diversity jurisdiction and Plaintiffs subsequent filed a motion to remand for lack of jurisdiction. Defendants did not request discovery or an evidentiary hearing in their response to the motion to remand. This matter was fully briefed on December 3, 2020 and ready for decision.

## DISCUSSION

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs seek to remand this case to state court because the parties are not completely diverse. The Court agrees with Plaintiffs as Plaintiff Struck, Defendant Duprat P.C., and Defendant Painter are all New Mexico citizens. Because the parties are not completely diverse, the Court lacks diversity jurisdiction over this case.

I.     **Removal and Remand Standards.**

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved

in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

A defendant can remove a civil case brought in state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Defendants removed under diversity jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) ("When jurisdiction is premised on diversity of citizenship ... as is the case here, each plaintiff must be diverse from each defendant to have what is known as complete diversity.") (citations omitted).

**II.     The parties are not completely diverse and diversity jurisdiction is lacking because Plaintiffs and Defendant Duprat P.C. are citizens of New Mexico.**

On its face, the complaint and notice of removal indicate a lack of diversity jurisdiction. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

The deceased was a citizen of New Mexico, therefore the Plaintiffs, the legal representative of the wrongful death estate is deemed a citizen of New Mexico. 28 U.S.C.A. § 1332; *Brown v. Mahdi*, 482 F. Supp. 2d 1300, 1305 (D.N.M. 2007).

Defendant Duprat P.C. is a professional corporation and appears to be a citizen of New Mexico. For determining diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

3

its principal place of business. . . ." 28 U.S.C.A. § 1332(c)(1). Duprat P.C.'s state of incorporation is New Mexico and its principal place of business is in New Mexico as well. Therefore, Duprat P.C. is a New Mexico citizen.

Defendants appear to argue that a professional corporation is not a "corporation" for diversity purposes. The Court disagrees. Several circuit cases hold that a professional corporation is treated the same as any other corporation for diversity purposes. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739–43 (7th Cir. 2004) (professional corporation treated same as any other corporation for diversity purposes); *see also Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.,* 710 F.2d 87, 89 (2d Cir.1983 (professional corporations are corporations within the meaning of 28 U.S.C. § 1332); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (same). Defendants did not cite to any contrary Tenth Circuit case.

Following these circuit cases, a decision in this district has previously held that a "New Mexico professional corporation[] is treated as a corporation for diversity purposes." *Whitener v. Burnett*, Civ. No. 10-865 BRB/RHS, 2010 WL 11618919, at *2 n.1 (D.N.M. Dec. 13, 2010) (Baldock, J.) (citing *Hoagland*, 385 F.3d at 739–41).

Defendants argue that Duprat P.C. was dissolved in October 2019 before suit was filed and therefore should not be taken into account in analyzing diversity jurisdiction. The Court disagrees. "The Business Corporation Act applies to professional corporations." NMSA 1978, § 53-6-4. Under the Business Corporation Act, pursuant to NMSA 1978 § 53-16-24, a dissolved corporation may be sued as a regular corporation:

> [T]he "dissolution of a corporation does not take away or impair any remedy available to or against the corporation, its directors, officers or shareholders, for any right or claim existing, or any liability incurred, prior to the dissolution and any such action or proceeding by or against the corporation may be prosecuted or

> defended by the corporation in its corporate name. The shareholders, directors and officers may take such corporate or other action as appropriate to protect the remedy, right or claim.

NMSA 1978 § 53-16-24.

Defendants cite to *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1323 (10th Cir. 2016). That case held that Wyoming LCCs, which are *unincorporated associations*, are not treated as corporations for diversity purposes. However, that case did not discuss professional corporations, which under New Mexico law are treated as corporations.

### III.     The Court alternatively lacks diversity jurisdiction because Defendants failed to show Defendant Painter is not a citizen of New Mexico.

Alternatively, even if Duprat P.C. is not a citizen of New Mexico, Defendants failed to show that Defendant Painter is not a citizen of New Mexico. Therefore, the parties are not completely diverse and the Court lacks diversity jurisdiction.

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). The complaint alleged that Defendant Painter is a citizen of New Mexico. Defendant's notice of removal provides that Defendant Painter's citizenship is unknown. In their response to the motion to remand, Defendants did not allege or establish Defendant Painter's state citizenship, but merely stated that her citizenship is unknown. *See* **Doc. 9 at 5-6.** Defendants have not requested jurisdictional discovery or an evidentiary hearing. Defendants have not shown by a preponderance of the evidence that Defendant Painter is a not a citizen of New Mexico. Therefore, they have failed to show there is complete diversity. *See Bonadeo v. Lujan*, No. CIV–08–0812 JB/ACT, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009) ("[a]s the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").

Defendants appear to argue that Defendant Painter's citizenship is irrelevant to the diversity jurisdiction analysis because she has not been properly served, *citing to* 28 U.S.C. § 1441(b)(2). The Court disagrees. Whether a defendant has been served may be relevant to the forum defendant rule, but it does not alleviate Defendants from the burden of establishing the citizenship of defendant Painter for the diversity jurisdiction analysis. The "diversity of each defendant must be considered prior to removal, whether or not each defendant has been served." *Boulter v. Citi Residential Lending*, No. CIV-10-350-JHP, 2011 WL 128786, at *3 (Jan. 14, 2011) ("it is error to assume that simply because a party need not join in the notice of removal its citizenship becomes irrelevant to the determination of federal diversity jurisdiction."). "The law is clear that the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a)." *Ake v. Cent. United Life Ins. Co.*, 2017 WL 3105875, at *2 (W.D. Okla. July 21, 2017) (collecting cases), *quoted in Macias v. Twin City Fire Ins. Co.*, No. 19-CV-00742-PAB, 2019 WL 1594255, at *2 (D. Colo. Apr. 15, 2019); *see also Gift Card Impressions v. Grp. Servs. Ltd.*, No. 12-CV-2766-CM, 2013 WL 568211, at *1 (D. Kan. Feb. 13, 2013) (forum defendant rule under 28 U.S.C. § 1441(b)(2) "does not authorize this court to ignore the citizenship of unserved defendants in determining diversity jurisdiction."), and 14B Charles Alan Wright et al., Federal Practice and Procedure § 3723 (4th ed.) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court. It is insufficient, for example, that service of process simply has not been made on a non-diverse party; the case may not be removed until that party actually has been dismissed from the case.").

**IV.     Attorney Fees.**

Plaintiffs ask for attorney fees and costs incurred in seeking remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Considering the totality of the circumstances, the Court concludes that Defendants had an objectively reasonable basis for removal and did not remove this case to prolong litigation or impose costs on Plaintiffs. Defendants' arguments were not foreclosed by Tenth Circuit or United States Supreme Court law and were objectively reasonable. Therefore, an award of attorney fees and costs to Plaintiffs is not justified.

## CONCLUSION

Because there was a lack of complete diversity at the time of removal, this Court lacks diversity jurisdiction over this case. 28 U.S.C. § 1447(c). Therefore, the Court remands this case back to the Second Judicial District Court, Bernalillo County, State of New Mexico. The Court declines to award attorney fees.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **(Doc. 6)** is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Second Judicial District Court, Bernalillo County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE